IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ERNESTO GAMON MENENDEZ,
Petitioner,
v.
WARDEN/FACILITY ADMINISTRATOR, Northwest ICE Processing Center; *et al.*,[1]
Respondents.

No. 2:26-CV-03534-SAB

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is Petitioner's Motion for Temporary Restraining Order, ECF No. 3. Petitioner is representing himself in the matter. Respondents have not filed a notice of appearance.

[1] Petitioner names several Respondents. The proper respondent for a § 2241 petition is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (citing 28 U.S.C. §§ 2242, 2243). Because Petitioner is currently detained at the Northwest Immigration Processing Center, the proper respondent for this action is the individual in charge of that facility. Accordingly, the Clerk is **DIRECTED** to name Bruce Scott, Warden of the Northwest Immigration Processing Center, as a Respondent in this action.

Petitioner is a 24-year-old native and citizen of Cuba who entered the United States on November 7, 2022, and was released that same day under an Order of Release on Recognizance. He asserts that, after release into the United States, he has complied with all reporting requirements, maintained stable employment, paid taxes, and built a life.

Petitioner was detained August 28, 2026, after presenting himself voluntarily for a scheduled immigration check-in. He asserts he did not receive prior notice or an opportunity to be heard before being re-detained. He has a pending asylum application and immigration case, and no final order of removal has been issued.

Petitioner requests the Court temporarily enjoin Respondents from transferring him out of the district or from otherwise removing him while his Habeas Petition is pending, as he believes a transfer out of the Western District of Washington would divest this Court of jurisdiction and moot his Habeas Petition.[2]

Jurisdiction over a habeas petition attaches at the time the petition is filed and is not destroyed if the petitioner is transferred at a later stage. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1989). As such, the harm Petitioner fears in the absence of injunctive relief is not a possibility, as jurisdiction has already attached to this Court. Any potential transfers will have no impact on his ability to pursue habeas relief in a timely and efficient manner.

//

//

//

//

//

---

[2] Petitioner also requests the Court order his immediate release. Whether Petitioner's immediate release is warranted is an issue unripe for resolution at the TRO stage.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion for Temporary Restraining Order, ECF No. 3, is **DENIED as unnecessary**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to pro se Petitioner and Respondents once a notice of appearance is entered.

**DATED** this 22nd day of September 2026.

Stanley A. Bastian
United States District Judge