IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ERNESTO GAMON MENENDEZ,<br>Petitioner,<br>v.<br>WARDEN/FACILITY ADMINISTRATOR, Northwest ICE Processing Center; *et al*.,<br>Respondents. | No. 2:26-CV-03534-SAB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondents are represented by Michelle R. Lambert.

Petitioner is a native and citizen of Cuba who entered the United States on November 7, 2022, and was released the same day under an Order of Release on Recognizance (OREC). He asserts that, after release into the United States, he complied with all reporting requirements, maintained stable employment, paid taxes, and built a life.

Petitioner was detained on August 28, 2026, after presenting himself voluntarily for a scheduled immigration check-in. He asserts he did not receive prior notice or an opportunity to be heard before being re-detained. He has a pending asylum application and immigration case, and no final order of removal

has been issued. Petitioner believes the catalyst for his re-detention is a pending Reckless Driving charge in King County.

Respondents assert that one of Petitioner's OREC requirements was to not violate any local, state, or federal laws or ordinances, and on June 14, 2026, Petitioner violated this condition by being arrested for Reckless Driving. Respondents further assert that Petitioner is now subject to mandatory detention under 8 U.S.C. § 1225(b), because of a DHS memorandum issued on July 8, 2025, that clarifies that noncitizens who are "applicant[s] for admission" are subject to detention under 8 U.S.C. § 1225(b).

In determining whether a petitioner who was released and later re-detained is subject to mandatory or discretionary detention, courts may consider the government's treatment of the petitioner and the context of the decision to release them. *Pantoja Sanchez v. Hernandez*, No. 2:26-CV-00884-TMC, 2026 WL 1506130, at *2 (W.D. Wash. May 29, 2026). The discretionary decision to release Petitioner under an OREC supports the conclusion that he is subject to discretionary detention under 8 U.S.C. § 1226. *Aguilar-Graterol v. Warden/Facility Adm'r, Nw. Det. Ctr.*, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026); *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025). Further, release under an OREC is authorized under § 1226(a)(2)(B), and noncitizens released on an OREC that are later re-detained are subject to § 1226. *Ortega-Cervantes v. Gonzalez*, 501 F.3d 1111, 1115-16 (9th Cir. 2007); *Shcralishocvich Azimov v. Scott*, No. 2:26-CV-02846-TMC, 2026 WL 2797213, at *2 (W.D. Wash. Sept. 18, 2026) ("A petitioner…released on an OREC after initial detention… is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute."). Respondents do not argue and it does not appear that Petitioner's pending Reckless Driving charge changes the detention authority. Petitioner has no other criminal convictions that

subject him to mandatory detention under § 1226(c), so he is subject to discretionary detention under § 1226(a).

When determining whether a petitioner held under § 1226(a) has received appropriate due process, courts in this District apply the three-factor *Mathews* test. *See e.g., Rana v. Bondi*, No. 2:26-CV-00244-TL, 2026 WL 472800, at *3 (W.D. Wash. Feb. 19, 2026). Those three factors are (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional or substitute procedural safeguards," and (3) the Government's interest. *Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976). When evaluating the third factor, Courts must analyze the governmental function involved, as well as the fiscal and administrative burdens that additional or substitute procedures would require. *Id*. at 335.

A finding in favor of an immigration petitioner under *Mathews* requires immediate release in order to restore the status quo. *See e.g., Rana*, 2026 WL 472800, at *4–5; *Lopez Camacho v. Ice Field Office Director*, No. 2:26-CV 00925-RAJ, 2026 WL 1243459, at *8 (W.D. Wash. May 6, 2026); *K.G.M.Q. v. Bondi*, No. 2:26-CV-00506-TL, 2026 WL 962609, at *12 (W.D. Wash. Apr. 9, 2026); *Kirykovich v. Hernandez*, 2:26-CV-00695, 2026 WL 890459, at *4 (W.D. Wash. Apr. 1, 2026) ("Because the constitutional violation is the absence of pre deprivation process, the proper remedy is to restore the status quo ante—that is, to return [the petitioner] to the conditions that existed before his unlawful detention."). The status quo is "the last uncontested status which preceded the pending controversy." *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963) (citation omitted).

The *Mathews* factors weigh in favor of Petitioner. First, Petitioner has a protected liberty interest in remaining free from custody, especially since he was released into the community in 2022. Second, the risk of deprivation of liberty is

high: it does not appear that Respondents conducted a hearing at the outset of Petitioner's re-detention to determine an individualized risk of flight or danger. Third, Respondents' interest in re-detaining Petitioner without a hearing is minimal: while holding a hearing would have cost time and money, those costs are outweighed by Petitioner's liberty interests.

As Petitioner's re-detention was the impetus for the pending controversy, the Court finds it appropriate to order his immediate release. *Tanner*, 316 F.2d at 809. Post-deprivation procedures, such as a bond hearing conducted after a petitioner has already been detained for some length of time, cannot cure constitutional violations that occurred at the outset of detention. *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("[A] post deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

2. **Within one (1) day of the date of this Order, Respondents shall release Petitioner from immigration detention.** Within two (2) days of the date of this Order, Respondents shall file a certification that Petitioner has been released.

3. Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

//

//

//

//

//

4. At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 28th day of October 2026.

Stan Bastian

Stanley A. Bastian
United States District Judge